In re Michael A. ENNIS and Carolyn Ennis, a/k/a Carolyn Friedell, Debtors.

Bankruptcy No. 94–60780.

United States Bankruptcy Court, W.D. Missouri.

Jan. 27, 1995.

Thomas J. Carlson, Springfield, MO, and James G. Tichenor, Bertroche Law Offices, Des Moines, IA, for Morris Friedell.

Thomas J. O'Neal, Springfield, MO, for Norwest Bank and Paul Ahler.

Richard V. Fink, Chapter 13 Trustee, Kansas City, MO.

Michael A. Ennis and Carolyn Ennis, pro se.

## ORDER DENYING MOTIONS FOR STAY OF ORDER OF BANKRUPTCY JUDGE

KAREN M. SEE, Bankruptcy Judge.

On January 17, 1995, debtor filed two motions for stay of order of bankruptcy judge. Both bear the caption of the main file. The motions seek a stay of various matters during appeal, including the order terminating the automatic stay, payment of filing fees, and payment of utility deposits.

### A. Order Terminating Automatic Stay

The order terminating automatic stay in regard to creditor Friedell, to allow him to enforce his lien rights under state law in funds which would otherwise be distributed to debtor Carolyn Ennis as an inheritance, is similar to a money judgment. Ordi-

narily, execution on a money judgment is stayed upon filing of a supersedeas bond. FRCP 62(d). The judgment denying turnover of the funds to debtor, entered January 17, 1995 in the adversary action, is closely related to the order terminating stay. Although a notice of appeal has not been received in that action, if one is filed, then FRCP 62(d), which requires a supersedeas bond, will apply by the express language in Bankruptcy Rule 7062. Inability to obtain a supersedeas bond is not a ground to stay execution, especially in this case where debtor plans to use the funds. If the order were stayed and the funds expended, the creditor would be deprived of the protection which is to be afforded by a supersedeas bond. If the order were stayed without a bond, it is likely that a substantial amount of the funds on deposit with the probate executor would be consumed by probate administrative expenses, because in the adversary action debtor sued the executor and Norwest Bank, and the executor's continuing expenses regarding that action would deplete the funds and injure creditor Friedell.

A stay of the order terminating the automatic stay would be issued only if debtor files a supersedeas bond issued by a court-approved surety (pursuant to a list maintained in the Clerk's Office), in the amount of $134,-360.00, as required by Bankruptcy Local Rule 8.005 (125% of $107,488.33, the amount at issue). However, in this case it would be futile to order that a stay will be entered if the bond is posted because, as stated below, the other matters will not be stayed so the Chapter 13 bankruptcy proceeding will be dismissed.

Another reason it would be inappropriate to enter a stay without a bond was explained in the order terminating the stay entered January 6, 1995 and the order finding that Morris Friedell has an allowed, secured claim, entered January 17, 1995. Even if it had been determined that Morris Friedell did not have a secured claim, he would still have an allowed, unsecured claim in the amount of $125,641.91. The Chapter 13 case would have to be dismissed because under 11 U.S.C. 109(e), as of the date this case was filed on August 31, 1994, the unsecured debts in a Chapter 13 case had to be less than $100,000. Looking only at Morris Friedell's claim, without consideration of other unsecured claims, the unsecured debt would exceed the jurisdictional limit.[1] The case would not be converted to Chapter 7 because as noted in the order terminating the automatic stay, debtors received a discharge in a Chapter 7 case in Seattle, Washington on June 24, 1992. Thus, if Carolyn Ennis prevailed on appeal the bankruptcy case would have to be dismissed and creditor Friedell would be free to proceed against the funds. Thus, in the end the result would be in Morris Friedell's favor whether Carolyn Ennis won or lost the appeal. If the order were stayed without a bond, debtors' plan indicates Carolyn Ennis would consume the funds before completion of the appeal, after which the Chapter 13 case must be dismissed if Carolyn Ennis prevails.

## B. Other Matters

■ No good cause has been presented for stay of the numerous other items, including the payment of utility deposits and dismissal of the Chapter 13 proceeding for debtors' continued refusal to pay the filing fee. Such a stay would, in essence, allow debtor to stay in this bankruptcy proceeding indefinitely, receiving protection from creditors, but without having to comply with requirements of the Bankruptcy Code or Rules, confirm a plan or pay creditors.

In addition, it should be noted that many of the items in the order debtor has appealed are interlocutory in nature and debtor has failed to seek leave to file an interlocutory appeal, as required by Bankruptcy Rules 8001(b) and 8003(a). Dismissal of the case for failure to pay the filing fee will also be taken up in a separate order.

Accordingly, it is ordered, for lack of good cause shown:

---

**1.** The Bankruptcy Reform Act of 1994 increased the limit on unsecured debt to $250,000 for cases filed after October 22, 1994.

1. The two motions for stay of order of bankruptcy judge, filed January 17, 1995, are denied.

2. If the Chapter 13 case is not dismissed, the order terminating automatic stay as to creditor Morris Friedell will be stayed upon filing of a supersedeas bond by an approved surety in the amount of $134,-360.00.